UNITED STATES DISTRICT COURT

FOR THE ~~EASTERN~~ DISTRICT OF MICHIGAN
WESTERN

Original

LARRY E. HARRISON,

    PLAINTIFF,

V.

CITY OF DETROIT,

DETAINING POLICE STATION,

MAYOR KWAME KILPATRICK,

JERRY OLIVER (CHIEF OF POLICE),

(DETECTIVES): JAMES FISHER,

AND BARBARA SIMON,

    DEFENDANTS.

—————————————————————/

CASE. No.: _____

HONORABLE: _____

DATE: 7-28-03

5:03CV0113

Robert Holmes Bell
Chief, U.S. District Judge

Joseph G. Scoville
U.S. Magistrate Judge

PLAINTIFF'S TITLE 42 U.S.C. § 1983 AND INCORPORATED FEDERAL PENDENT

JURISDICTION OF STATE TORT CLAIMS CIVIL RIGHTS COMPLAINT

——————————————————————————————————————

**NOW COMES,** the Plaintiff in pro-persona, and hereby submits this title 42 U.S.C. § 1983 and Federal Pendent Jurisdiction Of State Tort Claims Civil Rights complaint which arose out of the transactions, and/or occurrences as alleged in this complaint; thus, plaintiff states in support thereof the following:

KRISMA P. HOWARD Howard 7/28/03
Notary Public, Oakland County, MI
My Commission Expires Nov. 4, 2004
Acting in Washtenaw County, MI

1. Plaintiff states that there is no other civil cause of action or court proceeding having been filed or otherwise filed and dismissed which pertain to the subject matters alleged in this complaint.

2. Plaintiff maintains that the transactions, and/or occurrences which gave rise to the subject matters of this complaint took place in the City Of Detroit, and therefore, this Federal Court has jurisdiction, and venue is proper.

3. During the transactions and/or occurrences which gave rise to this civil cause of action plaintiff was working and residing at 2006 Santarosa, on Detroit's West side of town.

4. On August 3rd, 2000 plaintiff was being followed by detectives Barbara Simon and James Fisher, and as plaintiff pulled into the yard of his residence at 20026 Santarosa, police officer James Fisher pulled in behind plaintiff, immediately blocking plaintiff's ability to move his vehicle in a direction of plaintiff's choice.

5. Subsequently, police officer D. Patterson, and another police officer swiftly appeared with their weapons drawn, and pointing them directly at plaintiff's head while said police officers were standing on the side of plaintiff's vehicle; thus, each of said officers were screaming orders.

6. As plaintiff stepped from his vehicle as ordered, police officers Fisher, and Simon exited their police car, immediately approached the plaintiff when police officer Simon put her weapon to plaintiff's head, and began demanding information as to the were abouts of Mr. Lorenzo Reese while the other officer put handcuffs on the plaintiff.

7. Plaintiff was then placed in the back seat of Officer Simon and Fisher's police vehicle, and taken to 1300 Beaubien Police Station.

8. Later that same week, after approximately (100) hours of plaintiff being detained in said police station, beaten, interrogated, deprived of phone use, food and drink, and coerced, plaintiff was taken to the back entrance of the 36th District Court, where upon entry, plaintiff and officer James Fisher were refused access to the court room by a Wayne County Deputy who asked the officer his business; thus, said officer explained that he needed to have the plaintiff arraigned as soon as possible, and the Deputy then said: "Sorry but your too late so you'll have to come back tomorrow because the judge isn't going to curse me out"! Officer Fisher then responded to the deputy with these exact words: "Look, if i don't get him arraigned this morning, he's gonna bet a double murder on a tech.." The deputy then said: "Sorry, but it ain't my problem." Officer Fisher then told the deputy: "I already screwed up by not getting him over here before now." Then the deputy said: "Look, I already told you to bring him back tomorrow, now I'll have

to ask you to leave", then she opened the door for the plaintiff and said officer to exit.

9. Officer Simon was waiting in the car, and when she saw us coming back, she asked what was up? Fisher put me in the back seat of the vehicle, slammed the door very hard and said: "THE FAT BITCH" in there won't let us in, she said were to late. Simon then said, "He's gonna walk on this shit." he stepped away from the vehicle, and pulled his cell phone out, talked on it briefly then he hung it up. right after that he got back in the car, winked an eye at Officer Simon and said: "I called in a favor, so don't worry this mother fucker's going down girl-friend. they gave each other the high five, and then they laughed and just sat there. Moments later, officer Fisher's cell phone rang, he talked,  and switched off the phone, quickly exited the car, opened the back car door, and got me out and said: "Let's go, it's show time."

10. Subsequently, plaintiff was before the Magistrate, and despite plaintiff facial appearance being disfigured, and plaintiff having on only one shoe from the beatings and punishment, said magistrate did not ask one question as to how plaintiff ended up that way or if plaintiff had any counsel present, nor did said magistrate ask plaintiff if he was finger printed.

11. Thus, plaintiff was arrested on the 3rd day of August 2000, and was not arraigned until the 7th day of August 2000, plaintiff detention lasted over one hundred hours.

12. Plaintiff was arrested without a warrant and not arraigned within the time mandated by the state or federal constitutions; thus, plaintiff was the victim of an illegal arrest, and brought before the court on the 7th day of August in a manner which constituted fraud on the court, and false arrest, and of which rendered the jurisdiction of the court to be excessive pursuant to subject matter jurisdiction, personal jurisdiction, jurisdiction in relation to due process, substantive and procedural.

13. Thus, plaintiff maintains that he did not receive a judicial determination of probable cause as a pre-requisite to said extended restraint on plaintiff's liberty following arrest, and that the state, and federal constitutions require that a person arrested without a warrant for commission of a felony must be promptly arraigned.

14. Plaintiff maintains that the defendants had a duty to arraign him in the manner mandated by the state, and Federal constitutions, but was using their badges, names, and police power for purpose unauthorized by law, and were being grossly negligent by demonstrating, and acting in a manner which disregarded the harm that would befall plaintiff in absence of having plaintiff arraigned as mandated by said federal and state constitutions.

15. The plaintiff maintains that each of the defendants had a custom, practice, and unwritten policy in depriving persons arrested of a judicial determination of probable cause, and/or arraignment

as mandated by said constitutions, and that because said practice, custom, and unwritten practices were and is so pervasive, long standing, and continuous same is contributed to Mr. Kwame Kilpatrick, James Oliver, the City Of Detroit, and 1300 Beauben Police Station as consenting, sanctioning, and/or standing by passively allowing same to continue; thus, knowledge can be attributed thereto which demonstrates direct participation; thus, each of the defendants violated plaintiff's due process, and substantive due process rights, as well as, violated plaintiff's right to equal protection of the law, arraignment rights, abused process, and conspired to deprive plaintiff of his constitutional rights, and to commit said torts against plaintiff which was, and is the approximate, legal, and direct cause of plaintiff's injuries being mental, and emotional pain and suffering, and deprived of his liberty in connection with a conviction which was procured pursuant to an illegal, and false arrest.

16. Plaintiff maintains that each of the defendants were acting under the color of state law at the time which gave rise to this civil cause of action, and that each of the defendants are being sued in their person, and official capacities for punitive, and compensatory damages in an amount in excess of ten thousand dollars.

17. Plaintiff seeks said damage award to be severed, and issued in severance, and that a jury trial be provided if trial becomes necessary.

18. Plaintiff request that this Honorable Court would appoint counsel in this matter due to the unusual, and complicated subject matters, and specialized litigation technical required for the proper representation of this cause of action.

## AFFIDAVIT

------------------------------

The undersigned certifies that the above statements are true, and correct to the best of the undersigned's knowledge, and belief.

**WHEREFORE,** the plaintiff prays this Honorable Court would allow plaintiff to move forward with his proofs, and upon finding that the defendants have violated plaintiff's state and federal constitutional rights, that judgment be entered for the plaintiff.

FURTHER AFFAINT SAYETH NOT

*Larry Harrison*

LARRY E. HARRISON 156814

3201 BEMIS ROAD

YPSILANTI, MICHIGAN 48197

SUBSCRIBED AND SWORN TO BEFORE ME,
A NOTARY PUBLIC, THIS:_____
DAY OF _____, _____.

_____
MY COMMISSION EXPIRES:

KINGMAN P. HOWARD
Notary Public, Oakland County, MI
My Commission Expires Nov. 4, 2004
Acting in Washtenaw County, MI